## Andrew Kutlik, Defendant in Error, v. Chicago, Rock Island & Pacific Railway Company, Plaintiff in Error.

### Gen. No. 22,838.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed June 11, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Andrew Kutlik, plaintiff, against the Chicago, Rock Island & Pacific Railway Company, defendant, to recover damages for personal injuries received due to the falling of a flat car which was being jacked up, during the process of dismantling, in defendant's yards. From a judgment for plaintiff for $10,000, defendant brings error.

M. L. BELL and A. B. ENOCH, for plaintiff in error.

JAMES C. McSHANE, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Kutlik v. Chicago, Rock Island & Pacific R. Co., 206 Ill. App. 624.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 693*—*when evidence is sufficient to sustain finding as to proper method of jacking up flat car.* In an action by an employee against a railroad company for damages for personal injuries received due to the falling of the body of a flat car, resulting from the side sill of the car giving way while the car was being jacked up by placing jacks under the end sills, evidence *held* sufficient to show that the only way the car could be jacked up was by putting jacks under the end sills.

2. MASTER AND SERVANT, § 565*—*what does not constitute variance between declaration and proof in action for personal injuries.* In an action by an employee against a railroad company for damages for personal injuries received due to the falling of the body of a flat car which was being jacked up by plaintiff and another employee, *held* that evidence that plaintiff was a helper of such other employee did not negative the allegation in the declaration that plaintiff and such other employee were fellow workmen, where it appeared that the work was done pursuant to an order of a foreman.

3. MASTER AND SERVANT, § 188*—*when master giving orders for performance of dangerous work is liable.* Where a servant is injured while taking the orders of his master to perform work in a dangerous manner, the master is liable unless the danger is so imminent that a man of ordinary prudence would not incur it.

4. MASTER AND SERVANT, § 746*—*when question whether danger of work is so apparent that careful person would not have incurred it is. for jury.* In an action by an employee against a railroad company to recover damages for personal injuries due to the falling of the body of a flat car, resulting from a side sill giving way while the car was being jacked up from the trucks at the end sills, where it appeared that the truss rods, which held the end sills in place, had been taken out, and plaintiff had had little experience, *held* that it was a question for the jury whether or not the danger of doing the work in the manner ordered by the foreman, a man of many years' experience, was so apparent and imminent that the plaintiff in the exercise of ordinary prudence should not have incurred it.

5. MASTER AND SERVANT, § 649*—*when evidence as to plaintiff receiving orders from coemployee is admissible.* In an action by an employee against a railroad company to recover for injuries received due to the falling of the car while plaintiff and another

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

employee were jacking the body of the car up from the trucks for the purpose of dismantling the car, *held* that evidence as to plaintiff having received orders from the other employee was admissible as bearing upon plaintiff's freedom from contributory negligence, where such employee merely repeated the instructions of the foreman who had ordered them to do the work.